UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

OSCAR I. ARTEAGA          :
                          :
       v.                 :    C.A. No. 10-171S
                          :
JOHN E. POTTER, Postmaster :
General, U.S. Postal Service :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On April 12, 2010, Plaintiff Oscar Arteaga initiated this action against his employer, the U.S. Postal Service through its Postmaster General, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (Document No. 1). Plaintiff, a letter carrier, alleges in Count I of his Complaint that he suffered a negative, "dramatic change" to his route in 2006 which was motivated by his Colombian national origin. In addition to this disparate treatment discrimination claim, Plaintiff alleges in Count II that he was subsequently the victim of several discrete acts of workplace retaliation for bringing his discrimination complaint to the Equal Employment Opportunity Commission ("EEOC"). Further, in Count III, Plaintiff alleges that this same retaliatory conduct as a whole created a hostile work environment.[1]

Defendant moves to dismiss certain of Plaintiff's allegations of retaliation in Count II and the hostile environment claim in Count III in its entirety arguing that Plaintiff has failed to exhaust his administrative remedies as to those claims. (Document No. 7). Plaintiff objects to dismissal of any of his claims at this stage. (Document Nos. 14 and 16-1). Defendant's Motion to Dismiss has

---

[1] See Noviello v. City of Boston, 398 F.3d 76, 89 (1st Cir. 2005) (holding that a hostile work environment is cognizable as a retaliatory adverse employment action for purposes of a Title VII retaliation claim under 42 U.S.C. § 2000e-3(a)); and Marinelli v. Potter, 661 F. Supp. 2d 69, 79 (D. Mass. 2009) (same).

been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule Cv 72. A hearing was held on January 6, 2010. For the following reasons, I recommend that Defendant's Motion to Dismiss be DENIED.

**Facts**

The following facts are gleaned from Plaintiff's Complaint and the documents from the EEOC proceedings appended to Defendant's Motion.[2]

Plaintiff has worked as a letter carrier in Warwick for over twenty years. On or about July 25, 2006, the Postal Service and the National Association of Letter Carriers ("NALC"), a labor union representing letter carriers such as Plaintiff, entered into a route adjustment agreement which altered several Warwick postal routes including Plaintiff's route. Plaintiff claims that, despite his seniority, his route suffered a dramatic 80% change from a predominantly business route to an entry-level residential route. He claims that he was treated differently from similarly situated Caucasian letter carriers because none of them suffered such dramatic route changes or lost business routes. Plaintiff alleges that his Colombian nationality was a motivating or the sole motivating factor in the 2006 adjustment of his route in violation of Title VII. He also alleges that he subsequently suffered a series of materially adverse employment actions in retaliation for bringing his discrimination complaint to the EEOC.

**Discussion**

---

[2] While the Court ordinarily may not consider documents beyond the Complaint in ruling on a motion to dismiss brought under Fed. R. Civ. P. 12, there are exceptions, including documents over which there is no dispute as to authenticity, official public records and documents central to the plaintiff's claim or specifically referenced in the complaint. See Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33-34 (1st Cir. 2001). Here, Plaintiff does not dispute the authenticity of any of the documents appended to Defendant's Motion and, in fact, Plaintiff cites to several of them in his Opposition (Document No. 16-1) and contends that they support his argument that he has exhausted administrative remedies. In addition, most of them are decisions or pleadings from the administrative proceedings before the EEOC. Thus, the documents are properly considered in ruling on Defendant's Motion to Dismiss.

### A. Exhaustion of Administrative Remedies

It is well established that Title VII requires exhaustion of administrative remedies prior to the commencement of a lawsuit in Federal Court. Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990). The general purpose underlying the administrative exhaustion requirement is to provide the employer with prompt notice of the claim and an opportunity for early resolution. See Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996); and Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). "The scope of the civil complaint is accordingly limited to the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." Fantini v. Salem State Coll., 557 F.3d 22, 26-27 (1st Cir. 2009). However, "[a]n administrative charge is not a blueprint for the litigation to follow" and "what can 'reasonably be expected to grow out of the charge of discrimination' must be determined by considering 'the plain import of the administrative charge as a whole' and 'the breadth of the administrative inquiry reasonably required to investigate the charge." Gonzalez-Rodriguez v. Potter, 605 F. Supp. 2d 349, 361 (D.P.R. 2009) (quoting Powers v. Grinnell Corp., 915 F.2d 34, 38 (1st Cir. 1990)). Finally, in Clockedile v. New Hampshire Dep't of Corr., 245 F.3d 1, 6 (1st Cir. 2001), the First Circuit created an exception to the exhaustion rule for retaliation claims and held that they "are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency – e.g., the retaliation is for filing the agency complaint itself." The First Circuit justified its exception in "policy terms" by explaining that "[r]etaliation uniquely chills remedies; and by retaliating against an initial administrative charge, the employer discourages the employee from adding a new claim of retaliation." Id. at 5.

Here, it is clear from Plaintiff's Complaint that he is alleging retaliation in Counts II and III. In paragraph 22 of the Complaint, Plaintiff alleges that shortly after he waived anonymity as to his EEOC charge and management learned of the charge, he experienced "the first of a continuous sequence of material adverse employment actions taken against him and was subjected to a hostile work environment in reprisal for his prior protected EEOC activity." (Document No. 1, ¶ 22). Plaintiff then identifies nine specific instances of such "retaliatory conduct." Id. Plaintiff asserts in Count II, he suffered the retaliatory conduct as a result of him filing an EEOC complaint and, in Count III, that the same retaliatory conduct created a hostile work environment.

Despite Plaintiff's clear assertion of retaliation claims, Defendant failed to discuss the applicability of the First Circuit's rule in Clockedile to the exhaustion analysis or cite the decision.[3] Since both Counts II and III allege retaliation for filing the EEOC Complaint giving rise to this action, the "Clockedile retaliation exception" is directly applicable. Wright v. Elliot Health Sys., No. 09-cv-262-PB, 2009 WL 3633829 at *1 (D.N.H. Oct. 29, 2009) (noting that the Clockedile exception applies to a claim of retaliation following the filing of an administrative discrimination charge). As discussed previously, the First Circuit in Clockedile plainly held that exhaustion is not required for a Title VII retaliation claim "if the retaliation claim is reasonably related to and grew out of the alleged discrimination that the employee did report – 'e.g., the retaliation is for filing the agency complaint itself.'" Mosley v. Potter, No. 07-96-P-S, 2008 WL 877787 at *7 (D. Me. March 27, 2008) (quoting Clockedile, 245 F.3d at 6). Since that is the exact situation in this case, Plaintiff

---

[3] It is frankly surprising that Defendant does not discuss or cite Clockedile since the decision was discussed at length by my colleague Magistrate Judge Martin in Sellers v. Gates, No. 07-418S, 2009 WL 559795 at **12-13 (D.R.I. March 4, 2009) – a case which Defendant cites in his brief and relies upon in support of the failure to exhaust argument. (Document No. 7 at p. 13).

was not required to exhaust his administrative remedies as to his retaliation claims in Counts II and III.

Even if Clockedile was not the controlling law in this Circuit, Plaintiff sufficiently presented his retaliation claims to the EEOC to satisfy the exhaustion requirement. The Courts have cautioned against taking an "overly technical approach" in applying exhaustion requirements which might impede Title VII's goal of eradicating workplace discrimination. See Adams v. District of Columbia, No. 09-2459 (RMU), 2010 WL 3831686 at *9 (D.D.C. Sept. 28, 2010); and Malone v. Lockheed Martin Corp., No. 07-65-ML, 2009 WL 304275 at *7 (D.R.I. Feb. 6, 2009) (citing Love v. Pullman Co., 404 U.S. 522, 526 (1972)). Here, although Plaintiff's initial EEO Complaint dated October 19, 2006 only alleges disparate treatment discrimination (Document No. 7-2), he made a "formal request that a claim for retaliation be added" to his EEO Complaint by letter dated December 22, 2006. (Document No. 7-4). His request to add the retaliation claim was approved on January 22, 2007. (Document No. 7-5). Further, in an EEO Investigative Affidavit dated February 23, 2007, Plaintiff alleged that "the filing of [his] Complaint and in participating in the mediation on October 11, 2006, has led to retaliatory treatment by my supervisors and postmaster." (Document No. 7-18 at 1).

Furthermore, Defendant was clearly on notice during the EEO proceedings as to Plaintiff's claim of retaliation because he specifically addressed the claim in his EEO filings. In a brief dated August 23, 2007, Defendant argued that Plaintiff failed to establish a claim for retaliation based on EEO activity and, to the extent his Complaint could be read to claim a hostile work environment based on retaliation, it also failed. (Document No. 7-8 at pp. 18 and 20). Furthermore, in a reply brief dated September 28, 2007, Defendant argued that Plaintiff failed to establish a prima facie case

of retaliation and that "[t]he actions alleged by [Plaintiff], even if taken as true, are legally insufficient to establish a hostile work environment." (Document No. 7-10 at pp. 6 and 11).

Finally, the fact that Plaintiff exhausted his administrative remedies is evidenced by the administrative decisions rejecting Plaintiff's claims of retaliation and hostile work environment. For instance, on November 7, 2007, an EEOC Administrative Judge ruled that Plaintiff had "failed to show that the Agency's actions were retaliatory." (Document No. 7-12 at p. 14). Also, on January 12, 2010, the EEOC affirmed the Administrative Judge's 2007 Order and agreed that "there is no evidence that would establish that [Plaintiff's] prior protected activity more likely than not played a part in any of the agency's actions" and that, "[e]ven accepting as true [Plaintiff's] allegation that the environment was hostile, the record does not support a finding of discriminatory hostility" and he "has not shown that he was subjected to reprisal-based harassment as alleged." (Document No. 7-16 at pp. 6-7). These conclusions were contained in a section of the EEOC decision captioned "Hostile Work Environment." Id.

Since the Clockedile retaliation exception applies and, in any event, the record clearly reveals that Plaintiff presented his retaliation claims to the EEOC and exhausted administrative remedies as to Counts II and III, I recommend that Defendant's Motion to Dismiss these claims be DENIED.

**B.  Exhaustion of Union Grievance Remedies**

As to four of the alleged incidents of retaliation contained in Count II, Defendant alternatively argues that Plaintiff irrevocably elected to pursue these issues as grievances under his union contract and failed to exhaust such remedies. (See Document No. 7-17). In particular, Defendant targets Plaintiff's allegations of retaliation regarding (1) letters of warning issued in

November and December 2006; (2) his supervisor's directive that he not use the bathroom while on his route; (3) his supervisor's actions in humiliating him and sending him to the "swing room" for performance; and (4) the denial of his request for leave under the Family and Medical Leave Act ("FMLA"). (Document No. 1, ¶¶ 22(b), (c), (f) and (i)). Plaintiff concedes that he grieved these particular issues and contends that he did so "to protect his personnel file, not to allege th[o]se actions were discriminatory." (Document No. 16-1 at p. 2). He also asserts that "these grievances were all resolved[4] or withdrawn thus exhausting the grievance procedure." Id.

In his brief (Document No. 7 at pp. 15-18), Defendant mixes concepts of election of remedies and exhaustion of remedies and, again, does not address the applicability of the Clockedile retaliation exception to this exhaustion argument. While not completely clear, it appears that Defendant argues that, although Plaintiff grieved the discrete acts as violations of the union contract, he did not allege the acts were retaliatory and thus did not exhaust his administrative remedies as to retaliation through the union grievance procedure. However, applying Clockedile, Plaintiff was not required to exhaust such administrative remedies since the alleged "retaliation is reasonably related to and grows out of the discrimination complained of to the agency – e.g., the retaliation for filing the agency complaint itself." 245 F.3d at 6. Also, in Morales-Vallellanes v. Potter, 339 F.3d 9, 17 (1st Cir. 2003), the First Circuit noted that Alexander v. Gardner-Denver Co., 415 U.S. 36, 49 (1974) and its progeny hold that "plaintiffs who invoke the grievance procedures of the collective bargaining agreement do not thereby forfeit their private right of action under Title VII" and that "the presence of an anti-discrimination provision in a collective bargaining agreement does not

---

[4] Since Plaintiff cannot obtain "double recovery" for the same injury," "even if the previous resolution of some of the incidents through the grievance process does not absolutely preclude a retaliation action, it may nonetheless restrict the scope of any recovery." Marinelli v. Potter, 661 F. Supp. 2d at 81.

foreclose a postal employee's private right of action under Title VII." Defendant does not discuss or cite this First Circuit precedent and has failed to adequately develop and support this aspect of his argument for dismissal of some of Plaintiff's retaliation claims in Count II. Thus, I recommend that Defendant's Motion to Dismiss these claims be DENIED.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss (Document No. 7) be DENIED in its entirety. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 28, 2011